MANHATTAN BRASS CO. v. GILMAN.

(City Court of New York, General Term. ' May 29, 1897.)

APPEAL—DENIAL OF MOTION FOR NEW TRIAL.

An order denying a motion for a new trial is not reviewable on appeal from the judgment, as an interlocutory order involving the merits, and necessarily affecting the judgment.

Appeal from trial term.

Action by the Manhattan Brass Company against Edward R. Gilman. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

H. C. Bryan, for appellant.

Baggott & Ryal, for respondent.

SCHUCHMAN, J. This suit is brought on a note for $125, made by the defendant, and given to the plaintiff. The defense is a general denial and want of consideration. The want of consideration of said note would receive serious consideration by us on this appeal, but on the case on appeal as made and settled we are not in a position to review anything. At the close of the case, the plaintiff's attorney moved for, and the court granted, a direction of a verdict in favor of the plaintiff, and the defendant took no exception to this direction. The defendant requested to go to the jury, which request the court refused, and to which the defendant took an exception. But there was no question of fact to be submitted to the jury; the facts are all conceded. Furthermore, the defendant's attorney moved for a new trial on all the grounds stated in section 999 of the Code, and caused an order to be entered denying said motion; but in his notice of appeal he appeals only from the judgment, and not from the order denying his motion for a new trial, and therefore we cannot review on that point. In Thurber v. Railroad Co., 60 N. Y. 326, it is held that an order denying the motion for a new trial is not brought before the general term by, and is not reviewable on, appeal from a judgment, as an intermediate order involving the merits, and necessarily affecting the judgment. A review of the facts can only be there had on appeal from the order.

Judgment appealed from affirmed, with costs.

CONLAN, J., concurs.